UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

       Plaintiff,                          Civil No. 1:26-cv-00153

vs.

a White Gold Rope Chain Necklace and
"BTS" Diamond Pendant (25-DEA-722810)

and

a Gold Rope Chain Necklace and
"UNDERDOG" Diamond Pendant
(25-DEA-722811),

       Defendant Jewelry.
_____/

**VERIFIED COMPLAINT FOR FORFEITURE IN REM**

NOW COMES Plaintiff, United States of America, by and through its attorneys, Timothy VerHey, United States Attorney for the Western District of Michigan, and Daniel T. McGraw, Assistant United States Attorney, and states upon information and belief that:

**NATURE OF THE ACTION**

1. This is a civil forfeiture action filed pursuant to 21 U.S.C. § 881(a)(6) and Supplemental Rule G(2) of the Federal Rules of Civil Procedure to forfeit and condemn to the use and benefit of the United States of America: a white gold rope chain necklace, "BTS" diamond pendant (25-DEA-722810); and a gold rope chain necklace, "UNDERDOG" diamond pendant (25-DEA-722811) ("Defendant Jewelry").

1

## THE DEFENDANT IN REM

2. The Defendant Jewelry consists of a white gold rope chain necklace and "BTS" diamond pendant (25-DEA-722810) and a gold rope chain necklace and "UNDERDOG" diamond pendant (25-DEA-722811) that was seized during the execution of a premises search warrant in Kalamazoo, Michigan on or about January 17, 2025. The Defendant Jewelry is currently in the custody of the United States Marshal Service (USMS).

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1345 and 1355(b)(1)(A), because this action is being commenced by the United States of America as Plaintiff, and the acts giving rise to the basis for forfeiture occurred in this judicial district.

4. Venue is proper before this Court pursuant to 28 U.S.C. § 1355(b)(1) because the acts or omissions giving rise to forfeiture occurred in this judicial district, and/or pursuant to 28 U.S.C. § 1395(b), because the Defendant Jewelry was found within this judicial district.

## BASIS FOR FORFEITURE

5. The Defendant Jewelry is subject to forfeiture to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes (1) money, negotiable instruments, securities and other things of value furnished or intended to be furnished in exchange for a controlled substance; and/or (2) proceeds traceable to such an exchange, in violation of the Controlled Substances Act, 21 U.S.C. §§ 841, 846.

## FACTS SUPPORTING FORFEITURE

6. In December 2024, investigators with the Michigan State Police-sponsored Southwest Enforcement Team (SWET) identified Henry James HALL as a distributor of fentanyl and other controlled substances in the Kalamazoo, Michigan area, within this judicial district. HALL was previously convicted of felony conspiracy to distribute heroin in this district (2016) and felony – controlled substance delivery/manufacture cocaine, heroin or another narcotic less than 50 grams in state court (2014).

7. Upon information and belief, beginning sometime in March 2020 and going through present day, HALL had no documented and legitimate employment. Instead, any money HALL acquired during this time was drug trafficking proceeds, except for a total of approximately $37,000 in COVID relief / unemployment benefits that HALL received in or about March 2020 through August 2021.

8. On three occasions between December 2024 and January 2025, an undercover officer (UC) purchased a substance that subsequently field-tested positive for fentanyl or heroin. Before and after each deal, investigators saw HALL leave from and return to an apartment building on Wimbleton Way in Kalamazoo, Michigan, his suspected residence.

9. On January 16, 2025, investigators obtained a state search warrant to search HALL's apartment on Wimbleton Way, HALL's silver / blue Chevrolet Equinox, and HALL's person. Investigators executed the warrant the next day, on January 17, 2025.

10. On January 17, 2025, investigators executed a traffic stop of HALL while he was driving the Chevrolet Equinox. Investigators found $1,920 in U.S. currency in HALL's pants pocket.

11. The same day, investigators used a key found on HALL to execute the search warrant on HALL's apartment on Wimbleton Way and found no occupants inside. The apartment contained a single bedroom, laundry room, and kitchen. During the search of the apartment, investigators found multiple residency documents in HALL's name, including bank statement and a Cash App card. Investigators found drugs and drug trafficking paraphernalia in the bedroom closet and the kitchen. Specifically:

a. In the bedroom closet in a Clorox wipes container, investigators found what lab tested as 179.2 grams of 97% pure methamphetamine, as well as other suspected cutting agents.

b. In the kitchen closet / utility room, investigators found multiple bags that lab tested as approximately 22.74 grams of fentanyl (collectively). Investigators also found two digital scales, a kilogram press, and other suspected cutting agents.

12. In the same bedroom closet where HALL possessed the methamphetamine, investigators found and seized the Defendant Jewelry. In the apartment, investigators also found an appraisal from Hutch Jewelry in Oak Park, Michigan dated September 30, 2024 that appraised the Defendant Jewelry at $56,450.

13. During a post-*Miranda* interview, when asked what was in his apartment, HALL stated, "ice," a common code word for methamphetamine. HALL also admitted to possessing that methamphetamine for a year, or since January 2024. HALL also stated that there was "not even a half bow of ice," which is a common code for half pound ("bow" or "elbow," "lb" for pound), consistent with the approximate weight seized. HALL also admitted to possessing "like six grams of ron," or heroin.

14. During the interview, HALL provided inconsistent explanations for how he acquired the Defendant Jewelry – at one point suggesting that it could have been purchased with the proceeds from COVID benefits he received four to five years ago in 2020 and 2021, and at another time stating that it was a gift or inheritance. HALL also stated that he made between $150 and $250 per day mowing lawns, and that he had not filed income tax returns since 2021.

15. During a subsequent search of HALL's cell phone, investigators found photographs created in June 2024 and August 2024 that depict large stacks of U.S. currency, including a photograph created on June 11, 2024 with HALL's face visible next to stacks of U.S. currency.

16. Investigators also found text messages on HALL's cell phone from September 7, 2024, where he sent three photographs of the "BTS" diamond pendant to another individual with the message, "What u think hurry up." HALL went on to describe the photographs as depicting "all one chain" from "different views," with the "last pick [showing] the back of it." The other individual responded by saying, "I like it." HALL responded by saying, "I wanna see the underdog pendant in real life I

5

haven't seen that one yet well this one either he jus[t] sent me that." HALL subsequently told the other individual that "U can see the diamonds if u zoom in."

17. Upon information and belief, HALL purchased the Defendant Jewelry in September 2024, the same month as the appraisal from Hutch Jewelry.

18. Investigators also located text messages on HALL's cell phone from fall 2024 to early 2025 that show HALL communicating with an unknown individual (UI) who HALL used to test or determine the potency of his drugs for sale. Part of the exchange is documented below:

<u>October 8, 2024</u>

HALL: Yo was up I got a tester for u if u cane make it out here before 7

UI: Hey yea sounds good I think I can. It'll be a min but yea I should be able to. Thx man I'll call ya when I'm about ready.

HALL: Yup

<u>October 9, 2024</u>

HALL: Scale 1-10

UI: Might need a little more time to see but really I think like 6-7 seems pretty damn good!

Maybe 7-8

<u>November 2, 2024</u>

HALL: U good for the day

UI: Well I need something but don't think I can come up with anything tonight. Do you think you could look out for me on a little or help me out or somethin? Shits hard right now and just tryin to make it.

<u>January 12-13, 2025</u>

HALL: ?

UI: Idk prob like a 5 or 6. It's not what I'm lookin for to like instant nod out but it does make me pretty high I guess. I just don't know if it takes away those pains tho but it's ok I think

<u>January 16, 2025</u>

HALL: Scale 1-10

UI: Just did it. Idk 6? Idk it doesn't seem much different from other stuff. Has a chemically small the other doesn't but I'll need to try some more to see how it really does me.

I do little ones at first til I see how new ones are u know

HALL: Yes I get it

19. Investigators found other text messages on HALL's phone from the same time that were consistent with drug sales and drug trafficking.

20. On April 15, 2025, a federal grand jury in the Western District of Michigan returned an indictment charging HALL with two counts of distribution of fentanyl (on December 9, 2024, December 18, 2024) and one count of distribution of heroin (on January 15, 2025) in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), and one count of possession with intent to distribute controlled substances on January 17, 2025, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(viii), 841(b)(1)(C). (*United States v. Henry James Hall*, Case No. 1:25-cr-00048-HYJ (W.D. Mich.).) The indictment included a forfeiture allegation for the U.S. currency seized from HALL's pants pocket during the traffic stop, and the Defendant Jewelry seized from his apartment on January 17, 2025. The indictment remained under seal.

21. On May 21, 2025, HALL sold approximately one gram of fentanyl to a confidential informant in Kalamazoo.

22. On July 7, 2025, HALL self-surrendered for the pending arrest warrant in relation to the indictment and was subsequently released on bond with conditions and pretrial supervision. Those conditions included not committing additional crimes.

23. On July 14, 2025, HALL sold approximately one and a half grams of fentanyl/methamphetamine mixture to a confidential informant in Kalamazoo.

24. On October 22, 2025, pursuant to a plea agreement with the United States, HALL pled guilty to possession with intent to distribute controlled substances, including the methamphetamine found in his apartment that HALL had possessed for over a year. In the plea agreement, HALL consented and agreed to forfeit the U.S. currency as proceeds derived from, or used or intended to be used to commit or to facilitate, the commission of possession with intent to distribute controlled substances, but did not consent to forfeiture of the Defendant Jewelry.

25. Upon information and belief, the Defendant Jewelry constitutes other things of value that was furnished, or intended to be furnished, in exchange for a controlled substance, and constitutes the proceeds traceable to such an exchange, in violation of 21 U.S.C. §§ 841 and 846.

## CLAIM I

26.   Plaintiff hereby re-alleges paragraphs 1-25, as referenced above.

27.   The Defendant Jewelry is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of 21 U.S.C. Chapter 13, Subchapter I.

## CLAIM II

28.   Plaintiff hereby re-alleges paragraphs 1-25, as referenced above.

29.   The Defendant Jewelry is forfeitable to the United States pursuant to 21 U.S.C. § 881(a)(6) because it constitutes proceeds traceable to an exchange of controlled substances in violation of 21 U.S.C. Chapter 13, Subchapter I.

## REQUESTED RELIEF

Wherefore, the United States requests that the Court issue a warrant for the arrest of the Defendant Jewelry; that due notice be given to all interested parties to appear and show cause why forfeiture to the United States of America should not be decreed; and that the Defendant Jewelry be condemned and forfeited to the United States of America and be delivered into the custody of the United States Marshals Service for disposition according to law; and for such other relief as this Court may deem just and proper.

|  |  |
|---|---|
|  | TIMOTHY VERHEY<br>United States Attorney |
| Dated: January 15, 2026 | */s/ Daniel T. McGraw*<br>DANIEL T. McGRAW<br>Assistant United States Attorney<br>P.O. Box 208<br>Grand Rapids, MI 49501-0208<br>(616) 456-2404 |

## VERIFICATION

I am a Task Force Officer of the Drug Enforcement Administration with personal involvement in this investigation.

I have read the contents of the foregoing Verified Complaint for Forfeiture In Rem, and the statements contained therein are true to the best of my knowledge and belief.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 15, 2026

ANDREW MERRYWEATHER
Task Force Officer
Drug Enforcement Administration